By the Court.
Campbell, J.
The construction which the counsel in support of the demurrer have given to the covenant of the defendants may be literally and grammatically correct, but it is manifest to us that its adoption would defeat the true intentions of the parties, as fairly to be collected from their whole agreement, and we, therefore, cannot adopt it. According to this construction, if the defendants had finished the first floor and basement, which they let, in the same manner as the first floor and basement in the budding of Mr. Eno, leaving the rest of the building incomplete, without any roof at all, they would have performed their covenant, and entitled themselves to demand the whole of the large rent which the plaintiffs stipulated to pay; and this, although the premises let, from the want of a roof, would have been so open to the weather, so exposed to winds and rains, that they could not have been occupied at all for the purpose for which they were hired. We cannot hesitate to reject a construction that would lead to such consequences.
It may be that the defendants were not bound to finish the entire building so as to make it correspond in all respects with the building of Mr. Eno, but they were bound so to finish the first floor and basement which they let to the plaintiff, as to render them just as tenantable, just as fit in all respects for the purposes for which they were hired as the same compartments in the building of Eno, and if this could not be done, without putting a roof upon the building, similar to that on the building of Eno, it was such a roof that they were bound to construct. Hence, if from the want of such a roof the plaintiffs have sus- *192 tamed tbe damages of wbicb they complain, we cannot doubt, tbat tbe complaint sets forth causes of action that, if proved, will entitle them to recover.
Tbe objection tbat tbe plaintiffs have waived any claim for damages by entering into tbe possession of tbe premises demised, we think is folly answered by tbe averment in tbe complaint, tbat they entered into possession in tbe full belief tbat tbe premises were finished in conformity to tbe agreement of tbe defendants.
Tbe judgment for tbe defendants is reversed, and judgment upon tbe demurrer must be entered for tbe plaintiffs, with costs, but with liberty to tbe defendants to withdraw tbe demurrer, and put in an answer within tbe usual time and upon tbe usual terms.